1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10  KYLE EVAN PETERSEN,                    No.  1:20-cv-00311-NONE-SKO (HC)

11              Petitioner,                ORDER ADOPTING FINDINGS AND
                                           RECOMMENDATIONS, DENYING
12                                         MOTION TO CONSTRUE, DISMISSING
                                           PETITION FOR WRIT OF HABEAS
13        v.                               CORPUS AND DECLINING TO ISSUE
                                           CERTIFICATE OF APPEALABILITY
14

15  J. ENGLEMAN, Acting Warden,           (Doc. Nos. 5 & 6)

16              Respondent.

17

18        Petitioner Kyle Peterson is a federal prisoner[1] proceeding in propria persona with a

19  petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges his 2007

20  conviction in state court for possession of child pornography.  On March 9, 2020, the assigned

21  magistrate judge issued findings and recommendations recommending that the pending petition to

22  be dismissed for lack of jurisdiction.  (Doc. 5.)  The findings and recommendations were served

23  upon all parties and contained notice that any objections were to be filed within twenty-one (21)

24  days from the date of service of that order.

25        On March 16, 2020, petitioner filed a motion requesting that the court construe his

26  petition as an attack on his federal sentence, which he argues was enhanced because of his prior

27

28  [1]  Petitioner was sentenced in *United States v. Petersen*, Case No. 1:17-cr-00255-NONE-SKO.

                                           1

1  state conviction.  (Doc. No. 6.)  On March 23, 2020, petitioner filed a motion for a sixty (60) day

2  extension of time to file objections to the pending findings and recommendations.  (Doc. No. 8.)

3  The requested extension was granted on March 26, 2020.  (Doc. No. 9.)  The additional time to

4  file objections has now passed, and petitioner has still not filed objections.

5      In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a

6  de novo review of the case.  Having carefully reviewed the entire file, the court concludes that the

7  findings and recommendations are supported by the record and proper analysis.  As the magistrate

8  judge correctly determined, petitioner has failed to demonstrate that he is "in custody" for

9  purposes of challenging his 2007 state conviction, since he completed serving the sentence

10  imposed with respect to that conviction long ago and the time to challenge that conviction has

11  passed.

12      The pending petition is not saved by petitioner's motion to construe it as one challenging

13  the federal sentence he is currently serving on the theory that his federal sentence was enhanced

14  by his earlier state conviction.  (*See* Doc. No. 6.)  As discussed in the findings and

15  recommendations, petitioner fails to meet either exception to the general rule that he may not

16  collaterally attack the earlier sentence imposed by a state court that was later relied upon to

17  enhance his current federal sentence.  (*See* Doc. No. 5 at 2–3 (discussing *Lackawanna County*

18  *Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001))).

19      The court further declines to issue a certificate of appealability.  A prisoner seeking a writ

20  of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and

21  an appeal is only allowed in certain circumstances.  28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537

22  U.S. 322, 335-336 (2003).

23      If a court denies a petitioner's petition, the court may only issue a certificate of

24  appealability when a petitioner makes a substantial showing of the denial of a constitutional right.

25  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that

26  "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have

27  been resolved in a different manner or that the issues presented were 'adequate to deserve

28  encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting

1  *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

2          In the present case, the court finds that petitioner has not made the required substantial

3  showing of the denial of a constitutional right to justify the issuance of a certificate of

4  appealability.  Reasonable jurists would not find the court's determination that petitioner is not

5  entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to

6  proceed further.  Thus, the court DECLINES to issue a certificate of appealability.

7          Accordingly, the court orders as follows:

8          1.      The findings and recommendations, filed March 9, 2020 (Doc. No. 5), are

9  ADOPTED IN FULL;

10         2.      Petitioner's motion to construe (Doc. No. 6) is DENIED;

11         3.      The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

12         4.      The Clerk of Court is directed to assign a district judge to this case for the purpose

13  of closing the case and then to ENTER JUDGMENT AND CLOSE THE CASE; and,

14         5.      The Court DECLINES to issue a certificate of appealability.

15  IT IS SO ORDERED.

16     Dated:   **August 19, 2020**                  _____

17                                                   UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

3